# Duff *versus* Fitzwater.

1. An owner of premises leased them and gave notice to the tenant to quit, he afterwards conveyed the premises and his grantee again conveyed them ; the last grantees are assignees within the meaning of the Act of March 21st 1772, and could recover possession under that act.

2. A description of premises in an inquisition under the Act of 1772 is sufficient, if the same as in the lease.

3. The Act of 1772 is not repealed by the Act of December 14th 1863 ; the remedies under them are cumulative.

Before WOODWARD, C. J., THOMPSON, STRONG and READ, JJ. AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia.*

[Duff v. Fitzwater.]

The proceedings below were under the Landlord and Tenant Act of 1772.

James B. Ferree owned " certain premises, stables, &c., with the appertenances on the north side of Filbert street above Eighth street in Philadelphia," and on the 1st of July leased them to Edward Duff and William Duff for one year: on the 27th day of April 1866, Ferree conveyed them to J. L. McCartney, and on June 25th McCartney conveyed them to George W. Fitzwater and George Zeilley.

On the 9th of July 1866, Fitzwater and Zeilley made complaint before two aldermen, founded on the oath of Fitzwater only, setting forth the ownership of Ferree and the conveyances as above stated, and that Ferree, on the 29th of March, gave the Duffs notice to quit, which they refused to do. Proceedings were then had before an inquest under the Act of March 21st 1772; the inquest found the facts describing the premises in the inquest as above described and assessed the damages at $40.

The aldermen gave judgment on the finding.

The defendants took out a certiorari from the Common Pleas and filed these exceptions:—

1. The proceedings appear in this case to have been had upon the complaint of but *one* of the two plaintiffs in the case.

2. The said proceedings are illegal and void, being founded neither upon the complaint of the lessor nor that of " his heirs or assigns."

3. The description of the premises, possession whereof is sought to be recovered, in the complaint and all the subsequent proceedings, to wit, " Certain premises, stables, &c., with the appertenances, situate on the north side of Filbert street above Eighth, in the city of Philadelphia," is wholly insufficient, and the judgment entered by the aldermen void for uncertainty.

4. The said proceedings are void, inasmuch as the act under which they are had is repealed by the Act of December 14th 1863, concerning the same subject-matter.

The proceedings were affirmed by the court below, and in the Supreme Court the dismissing of the exceptions and confirming the proceedings of the aldermen and inquest were assigned for error.

*N. H. Sharpless*, for plaintiffs in error, cited Co. Litt. 198 *b*; Harrison v. Barnby, 5 T. R. 246 ; Act of March 21st 1772, § 12, Purd. 613, pl. 18 ; 1 Sm. L. 373 ; Steele v. Thompson, 3 Pa. R. 38 ; Newell v. Gibbs, 1 W. & S. 499 ; White v. Arthur, 12 Harris 99 ; Smith v. Jenks, 10 S. & R. 154 ; Fenwick v. Floyd's Lessee, 1 Har. & Gill's Rep. 172 ; Clark v. Clark, 7 Vt. Rep. 190 ; Sawyer v. Fitts, 4 Stewart & Porter's Rep. 365 ; Stewart v. Speer, 5 Watts 79 ; Borough of Harrisburg v. Cringle, 3 W.

4 P. F. SMITH—15

[Duff *v.* Fitzwater.]

& S. 462 ; Green *v.* Watrous, 17 S. & R. 400 ; Johnson's Estate, 9 Casey 511.

*P. Archer, Jr.*, for defendants in error, cited Smith's Landlord and Tenant 238 n. 20 ; Reid *v.* Christy, 2 Phila. R. 144 ; White *v.* Arthur, 12 Harris 99 ; McKeon *v.* King, 9 Barr 213 ; Steele *v.* Thompson, 3 Pa. R. 38 ; Hagey *v.* Detwiler, 11 Casey 414 ; Clement *v.* Youngman, 4 Wright 342 ; Hawn *v.* Norris, 4 Binn. 77 ; Lyons *v.* Miller, 4 S. & R. 279 ; Nass *v.* Van Swearingen, 7 Id. 195.

The opinion of the court was delivered by

WOODWARD, C. J.—This was a proceeding under the Landlord and Tenant Act of March 21st 1772, instituted by the purchasers of the reversion from the original landlord. It appears from the inquisition that James B. Ferree, being in possession of the premises on 1st July 1865, leased them to the Duffs for the term of one year, and on the 29th March 1866 gave them notice to quit the premises at the expiration of the term. Having, on the 27th April 1866, conveyed the premises to J. L. McCartney, who by deed of June 25th 1866, conveyed them to Fitzwater and Zeilley, this present proceeding under the Act of 1772 was necessarily instituted by them. The act mentions not only lessors, but their heirs or assigns, as parties entitled to its remedies, and Fitzwater and Zeilley are assigns of Ferree within the meaning of the act, and succeeded to all his rights as lessor.

As to the exception taken to the description of the premises, it is sufficient to say that they appear to be described in the inquisition in the same manner they were in the lease, and that is certain enough. If the tenants knew what to take and enjoy by the description in the lease, they knew what to surrender, and if the sheriff has to be called in he will deliver only the premises which the tenants obtained under the lease.

There is no ground for the position that the Act of 1772 is repealed by the Act of 14th December 1863, relating to landlords and tenants. There is nothing in the latter act to indicate the legislative intent to repeal the former, and statutes are not ordinarily repealed by implication. These acts furnish cumulative remedies to landlords, but the former is neither superseded nor repealed by the latter statute.

Judgment affirmed.