# Tilford *versus* Fleming.

1. Attornment is unnecessary in Pennsylvania..

2. Attornment is not required to enable the alienee to be restored to the estate when the tenant's term is ended.

3. An alienee may proceed in his own name to obtain possession of premises let by his alienor.

4. Attornment is not the initiation of a new lease.

5. Attornment is merely the assent of the tenant to the landlord's alienation, and the acceptance of the alienee as his landlord; the lease is untouched in other respects.

6. An attornment need not be set forth in the justice's record; no more is necessary than the allegation of the conveyance by the lessor to the plaintiff.

February 23d 1870. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* No. 234, to January Term 1870.

This was a proceeding commenced the 25th of June 1869 by John Fleming against S. Tilford, before Alderman George Moore, to recover possession of premises in Sansom street, occupied by the defendant.

The record of the alderman set out that Fleming had complained on oath that the Franklin Fire Insurance Company was the owner of certain premises situate on the north-east corner of Cope and Sansom street, in the city of Philadelphia, and was in quiet, peaceable possession thereof on the 24th day of June 1868, on which last-mentioned day they demised said premises to a certain Mrs. S. Tilford for one year, and so on from year to year, at the rent of $62, and that Mrs. Tilford, by virtue of said demise, entered into possession and held the same during the said term, and is still possessed of the same; that the term is fully ended; that the Franklin Fire Insurance Company, on the 18th day of July 1868, conveyed the premises to Fleming in fee, and Mrs. Tilford attorned to him; that Fleming being desirous to repossess the said premises, on the 3d day of December 1868, required Mrs. Tilford to leave the same at the end of her current term,

[Tilford *v.* Fleming.]

which notice was given three months previously to the expiration of her term, and Mrs. Tilford had refused, &c.

"And now, July 1st 1869, the parties appeared. After hearing the plaintiff, his proofs and allegations, the said alderman finds the above complaint is in all particulars just and true, and enters judgment against said lessee, that she shall forthwith deliver possession of said premises to the said John Fleming, the plaintiff, and gives judgment for the sum of $14.48 damages, &c."

The defendant removed the proceedings to the Court of Common Pleas by certiorari.

Her exceptions there were:—

1. The complaint and alderman's record do not agree. The complaint sets forth that the defendant was the tenant of the Franklin Fire Insurance Company. The alderman's record finds judgment of ouster in favor of John Fleming.

2. The suit should have been brought in the name of John Fleming, assignee.

3. The defendant had not the required notice to quit, it being to surrender possession of the said premises under grantor's letting of June the 24th 1868 to John Fleming as landlord; whereas the said John Fleming's right of letting did not accrue till July the 18th 1868, at which time defendant became his tenant, and in which form suit has been brought, and judgment for possession entered July the 1st 1869, seventeen days before the termination of the year.

The Court of Common Pleas (Allison, P. J.,) dismissed the exceptions, and affirmed the judgment of the alderman.

The defendant took a writ of error. She assigned for error, the affirmance of the judgment.

*J. L. Husband*, for plaintiff in error, referred to Acts of December 14th 1863, Pamph. L. 1125, Purd. 1341, pl. 1; February 28th 1865, Pamph. L. 263, Purd. 1399, pl. 2; April 28th 1868, Pamph. L. 104, Purd. 1512.

*T. J. Barger*, for defendant in error, referred to the same acts; also to Acts of April 11th 1866, Pamph. L. 97, Purd. 1431, pl. 1; February 20th 1867, Pamph. L. 99, Purd. 1465.

The opinion of the court was delivered, July 7th 1870, by

AGNEW, J.—The ceremony of attornment having its origin in the feudal system of the middle ages, which esteemed it unreasonable to subject a feudatory to a new superior without his consent, is no longer necessary even in England, and is wholly unsuited to our condition. The statute of 4 Anne, c. 16, § 9, making all grants and conveyances of the remainder or reversion good and effectual without the attornment of the tenant, is in

[Tilford *v.* Fleming.]

force in this state: Roberts's Dig. 45. Attornment being unnecessary, it is not required to enable the alienee to be restored to the estate when the tenant's term is ended. To prevent difficulty, however, the Act of 20th February 1867 authorizes the owner of the premises, who has acquired title by descent or purchase from the original lessor, to proceed under the Act of 14th December 1863, and Act of 11th April and its supplement. John Fleming was therefore the proper party to maintain the proceeding before the alderman; and it was not necessary he should be called assignee on the record. The complaint recites his title as assignee, which is sufficient.

It is a mistake to suppose that the attornment is the creation or initiation of a *new* lease, and that the term begins with the day of attornment. It is merely the assent of the tenant to his landlord's alienation, and the acceptance of the alienee as the new landlord, leaving the lease itself untouched in other respects. It was not necessary to set forth the attornment in the record at all; the law being satisfied with the allegation of the conveyance by the lessor to the plaintiff, as the evidence of his right to recover possession.

Finding no error in the record, the judgment is affirmed.