## Braker *v.* Deuser, Appellant.

*Landlord and tenant—Conveyance of premises—Assignment of lease— Liability of rent to grantee—Attornment—Statute of 32 Henry VIII, Chap. 34.*

1. Where demised premises have been conveyed by the owner to another person, the tenant is liable to the grantee for rent from the date of the delivery of the deed, without any assignment of the lease to the grantee, and without any attornment by the tenant to the new landlord.

*Landlord and tenant—Husband and wife—Parties—Amendment.*

2. Where an action is brought in the name of a husband as the agent of his wife for rent due the wife, and the pleadings show that the right existed in the wife, and the case is proceeded with on its merits and results in a judgment for the plaintiff, such judgment will not be reversed because the action was brought in the name of the husband as agent, inasmuch as the appellate court will consider the record amended so as to make the name of the party plaintiff conform to the pleadings.

*Landlord and tenant—Amendment—Variance—Trial on merits.*

3. Where in an action for rent there is a variance between the lease pleaded and the lease signed by the defendant and produced by her, and no objection is made at the trial, and the case is tried on its merits and results in a judgment for the plaintiff, such judgment will not be reversed, inasmuch as the variance was the subject of amendment in the court below.

Argued Oct. 11, 1911. Appeal, No. 132, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1908, No. 3,928, on verdict for plaintiff in case of Leon Braker, Agent for Fannie Braker, v. Julius N. Deuser. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for rent. Before SULZBERGER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $83.33. Defendant appealed.

*Error assigned* was in overruling motion to enter judgment for defendant non obstante veredicto.

*Jacob Weinstein,* with him *M. B. Elwert,* for appellant.—The plaintiff was bound to prove an assignment of the lease: Hall v. Freeman, 59 Ill. 55; Arnold v. Sturges, 5 Black. (Ind.) 256; Wadsworth v. New Orleans, 46 La. Ann. 545 (15 So. Repr. 202); Burgess v. State, 12 Gill & J. (Md.) 64; Turner v. Hayden, 33 Mo. App. 15; Buffalo Ice Co. v. Cook, 29 N. Y. Supp. 1057; Vestner v. Findlay, 31 N. Y. Supp. 138; B. & O. & C. R. R. Co. v. Gibson, 41 Ohio, 145; Childress v. Smith, 40 S. W. Repr. 389; Cushing v. Hartwig, 120 S. W. Repr. 109.

It is fundamental that no person who is not a party to a contract or has an interest in the subject-matter of the suit in the right in which he sues can maintain an action thereon: Jones v. Gordon, 124 Pa. 263; Howes v. Scott, 224 Pa. 7; Adams v. Kuehn, 119 Pa. 76; Crown Slate Co. v. Allen, 199 Pa. 239; Cooper v. Walther, 44 Pa. Superior Ct. 298; Mallilaeu's Est., 42 Pa. Superior Ct. 101; Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235; Humphrey v. Poor District, 99 Pa. 185; Shoemaker v. Board of Commissioners, 36 Ind. 175; Southwestern R. R. Co. v. Millian, 62 Ga. 607; Love v. Hadden, 3 Brev. (S. C.) 1.

The variance was fatal: Hale v. Hale, 32 Pa. Superior Ct. 37; Hennessy v. Anstock, 19 Pa. Superior Ct. 644; Stephens v. Graham, 7 S. & R. 505; Com. v. Meckling, 2 Watts, 130; Church v. Feterow, 2 P. & W. 301; Waite v. Palmer, 78 Pa. 192; Irwin v. Shultz, 46 Pa. 74; Cunningham v. Shaw, 7 Pa. 401; Umbehocker v. Rassel, 2 Yeates, 339; Keyes v. Dearborn, 12 N. H. 52; Bristow v. Wright, 2 Dougl. 665; Eaton v. Dugan, 38 Mass. 538; Cudlip v. Rundle, Carthew, 202; Wilson v. Smith, 13 Tenn. (5 Yerger) 379; Locke v. Kennedy, 171 Mass. 204 (50 N. E. Repr. 531).

*Stanley Folz,* with him *Leon H. Folz,* for appellee, cited as to the right of the plaintiff, Fannie Braker, to recover without a formal assignment of the lease to her: Newbold v. Comfort, 2 Clark (Pa. Law Journ.), 331; Stoddard v.

Emery, 128 Pa. 436; Kiefaber v. Armour, 10 Pa. Dist. Rep. 383.

Cited as to the fact that action was instituted in the form "Leon Braker agent for Fannie Braker:" Early v. Rolfe, 95 Pa. 58; Bodey v. Thackara, 143 Pa. 171; Bankard v. Shaw, 199 Pa. 623; Miller v. Kullesowicz, 41 Pa. Superior Ct. 39.

Cited as to the variance between the lease declared on and the one offered in evidence: Passenger Conductors' Life Ins. Co. v. Birnbaum, 116 Pa. 565; Wampler v. Shissler, 1 W. & S. 365.

OPINION BY HENDERSON, J., March 1, 1912:

That Fannie Braker was the owner of the demised premises for the period covered by the claim for rent was clearly established at the trial and not disputed. Her husband testified that she was the owner of the property; that at the time it was bought by her the appellant was in possession and the deed to her was offered in evidence from the record of the recorder's office. The effect of this conveyance was to transfer to her the land subject to the lease then held by the tenant and it was not necessary that a written assignment of the lease be executed and delivered to her to entitle her to the rent accruing after the delivery of the deed. The statute of 32 Henry VIII, chap. 34, gives the grantees of reversions the advantage of the conditions to be performed by lessees and this statute is in force in Pennsylvania: 3 Binney, Appendix, 620. Under this statute an action may be maintained on the lease in favor of the vendee against the lessee on such covenants in the lease as run with the demised estate and the covenant for the payment of rent is one of these: Trickett on Landlord and Tenant, sec. 616. Moreover, the tenant made attornment to the new landlord by the payment of rent to her agent from time to time and while under the statute of 4 Anne, chap. 16, sec. 9, all conveyances of remainders or reversions are good and effectual without the attornment of the tenant and attornment is therefore unnecessary, when made it is the assent of the

tenant to the alienation and the acceptance of the alienee as the new landlord leaving the lease itself untouched in other respects. It does not operate as the creation of a new lease but applies the existing lease to the new conditions: Tilford v. Fleming, 64 Pa. 300. The action could not be defeated therefore by the failure to prove a formal assignment of the lease.

Objection is made that the action is brought in the name of the husband and agent of the owner and not in her own name. It was a mistake to include the name of the agent as the right of action was in the wife. The acts of her husband in collecting the rent are recognized and ratified however as she only claims for the period for which rent was not paid. The declaration sets forth the cause of action very clearly as a right existing in Fannie Braker and the question passed on was whether she was entitled to recover rent. An amendment of the record might have been made in the court below for in the pleadings Fannie Braker was the party whose right was being enforced, so an amendment would have been clearly within the rule stated in Adams v. Edwards, 115 Pa. 211, and such an amendment should be considered as having been made in the court below or in this court when the case was fully heard and no right of the defendant abridged. The objection is technical and formal and insufficient in the present state of the record to justify a reversal: Com. v. Mahon, 12 Pa. Superior Ct. 616.

The lease signed by the defendant was offered without objection but it is now contended that there is such a variance between it and the lease declared on that the judgment cannot be sustained. None of the differences between the leases is important as affecting the merits of the issue. In date and term and amount of rent and all other respects involving the rights of the parties as set up by the pleadings they are the same. When therefore the defendant waited until after a trial on the merits it is too late after a verdict to raise the objection of variance if the matter was such as was the subject of amendment in

the court below and as to this there can be no doubt.  If the attention of the court and counsel had been called to the differences in the two documents the court would have permitted an amendment to make the lease pleaded conform to the lease signed by the defendant.  There was no surprise for the lease offered in evidence was produced by the defendant on notice.  While therefore there may have been some inaccuracies in the transcription of the lease as set forth in the declaration they do not affect the question at issue between the parties and the case having been tried on its merits the judgment will not be disturbed for that reason: Passenger Conductors' Life Ins. Co. v. Birnbaum, 116 Pa. 565; Wampler v. Shissler, 1 W. & S. 365. We do not find any merit in the assignments of error and they are therefore dismissed.    The judgment is affirmed.