## Fogerty *v.* Dix, Appellant.

*Landlord and tenant—Amicable action in ejectment—Confession and warrant of attorney to confess—Assignment of lease—Rights of assignee.*

An assignment clause in a lease contained the following provision: "In case the demised premises shall be sold or conveyed by the lessor during the term or any renewal thereof, the lessor shall have the right to assign this lease, whereupon such assignee shall be substituted to all the rights of lessor hereunder."

The lease was subsequently assigned, although the premises demised were not sold or conveyed to the assignee. A judgment in ejectment was entered by the assignee ostensibly under the provisions of the lease. *Held* that, while the lessor was authorized to enter judgment in the event of a default, that power was not intended to and did not pass to the lessor's assignee, unless the demised premises were sold and conveyed, and the lease was then assigned, and that a judgment entered on the lease should be stricken off.

Argued October 6, 1920. Appeal, No. 122, Oct. T., 1920, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 5694, discharging rule to strike off judgment and set aside execution in the case of Clement A. Fogerty v. Archibald L. Dix. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Rule to open judgment entered under an ejectment clause in lease. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule to open judgment. Defendant appealed.

*Error assigned* was the order of the court.

*J. W. Shoemaker,* for appellant.—There was no authority in the lease to authorize the assignee thereof to

enter judgment against the defendant: Stewart v. Jackson et al., 181 Pa. 549; Hickey v. Conley, 24 Pa. Superior Ct. 388; Miller v. Neidzeilska, 176 Pa. 409; Jenks v. Hendley, 6 Phila. 518; McClintock v. Loveless, 5 D. R. 417; Bassett v. Hawk, 114 Pa. 502; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Barker v. Beeber, 112 Pa. 216; Jenkins v. Hendley, 23 Cyc. 705.

*James Arthur Ewing,* and with him *Albert C. Brand,* for appellee.

OPINION BY LINN, J., December 10, 1920:

Appellant complains of the refusal to strike off the judgment in ejectment. It was entered by appellee in an amicable action, and he asserts that he was authorized so to enter it by a power providing therefor, contained in a lease executed by appellant as lessee and assigned to appellee.

Appellant contends that the power to enter judgment against him was conferred upon the lessor and was not generally assignable by the terms of the lease and that the papers on which judgment was entered show no authority in appellee to exercise the power; that though appellee has become assignee of the lease, the assignment was not made pursuant to the only provisions in the lease which could carry to him as assignee the power to enter judgment. If an examination of the record on which the judgment was entered discloses no right in appellee to exercise the power conferred, because he is not an assignee in the circumstances specified, the judgment is invalid.

The record consists of an amicable action and confession of judgment in ejectment, together with plaintiff's affidavit to the cause of action. Attached thereto are a copy of the lease with certain assignments thereof and a copy of a notice to quit. The lease was made by the Integrity Title, etc., Company, agent for the estate of Wilhelmina Gegerheimer, deceased. The term was for

one month ending at noon on June 10, 1918, and the lease provided for renewals month by month until determined by either party giving to the other written notice to that effect at least fifteen days prior to the end of any current term. The lease was subsequently assigned by the Integrity Title, etc., Company to one Clark. Clark assigned it to Mary E. Fogerty, and on October 8, 1919, she assigned it to Clement A. Fogerty, appellee.

The default alleged was the refusal to surrender possession to appellee at the end of a term notwithstanding that due notice of termination of the lease had been given and demand for the premises had been made by the appellee.

A study of the lease filed requires us to adopt appellant's view that while the lessor was authorized to enter judgment in the event of default, that power was not intended to and did not pass to the lessor's assignee, unless the demised premises were sold and conveyed and the lease was then assigned. The following provisions of the lease are material to the inquiry:

"The above letting is subject to the following covenants and terms, which are to be construed as strict legal conditions":

"Third. Lessee shall not......assign this lease...... without the written consent of lessor endorsed thereon ......"

"Ninth........In case the demised premises shall be sold or conveyed by the lessor during the term, or any renewal thereof, the lessor shall have the right to assign this lease, whereupon such assignee shall be substituted to all the rights of lessor hereunder......"

"Twelfth. It is further agreed that" (in the event of any defaults then specified) "any Attorney may immediately thereafter as Attorney for Lessee, at the request of Lessor, sign an agreement for entering in any competent court an amicable action and judgment in ejectment, to any term then past or present (without any

stay of execution or appeal) against Lessee, and all persons claiming under Lessee, for the recovery by Lessor of possessions of the hereby demised premises, without any liability on the part of the said Attorney, for which this shall be a sufficient warrant, and thereupon a writ of habere facias possessionem may issue forthwith, without any prior writ or proceeding whatsoever, and Lessee hereby releases to Lessor all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon or concerning the same; and, hereby agrees that no writ of error or objection or exception shall be made or taken thereto; and a copy of this Lease, with any modifications thereof, being filed in said action, it shall not be necessary to file the original as a warrant of attorney, any law or rule of court to the contrary notwithstanding."

"All rights, remedies and liabilities herein given to or imposed upon either of the parties hereto, shall extend to the heirs, executors, administrators, successors, and, so far as this Lease and the term thereby created is assignable by the terms hereof, to the assigns of such party."

It therefore appears that the power to enter judgment against appellant was conferred upon the lessor and not upon the lessor and his assigns. The parties have not agreed that the lessor shall not assign the lease, so that of course he may do so, but the question will remain: what passes by the assignment? The power to enter the amicable action and judgment is a right or remedy within the provision: "All rights, remedies and liabilities herein given to or imposed upon either of the parties hereto, shall extend......so far as this lease and the term thereby created is assignable by the terms hereof to the assigns of such party."

The words "by the terms hereof" refer the passing of the power to the provisions of the lease and not to any general right of assignment existing by the law. The

parties agreed that if the lessor sold and conveyed the premises he should "have the right to assign this lease, whereupon such assignee shall be substituted to all the rights of lessor hereunder." The lessor and lessee were of course competent to agree that in the event of the lessee's default, judgment might be entered against him therefor by the lessor, or by the lessor and his assigns generally, or by the lessor and his assigns in particular circumstances, and their intention in this regard as stated in the lease should be carried into effect. A conveyance of the premises without an assignment of the lease carried with it only such covenants as run with the land: Braker v. Deuser, 49 Pa. Superior Ct. 215. We need not speculate about the various reasons the parties may have had for stipulating that no one should have the power to enter judgment against the lessee who did not own the reversion. Not having provided that the lessor and his assigns generally should have the power, but having provided only that in case of sale the power may be transferred with the effect specified, we conclude that the papers on which judgment was entered show no power in the appellee to enter the judgment, because it nowhere appears that the demised premises were sold and conveyed by the lessor. The invalidity of the judgment therefore appears on the face of the record.

We cannot agree with the contention of the appellee that the order appealed from must be affirmed because appellant released all errors made in the execution of the warrant of attorney; that release is not applicable when the plaintiff has no title to the warrant, or to recover the premises for which judgment is entered; it does not reach the defect of lack of authority to proceed: Phila. v. Johnson, 23 Pa. Superior Ct. 591, and 208 Pa. 645.

The order discharging the rule is reversed; the rule is reinstated and the record is remanded to the court below with instructions to make the rule absolute.