## Disanto, Appellant, *v.* Rowland et al.

*Landlord and tenant—Lease—Judgment—Confession—Rule to strike off.*

A judgment entered by confession, pursuant to a warrant contained in a lease, is properly stricken off where it includes items not comprehended in the authority expressed in the warrant of attorney.

Argued March 14, 1924. Appeal, No. 7, March T., 1924, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1922, No. 92, making absolute rule to strike off

judgment in the case of Giovanni Disanto v. Mamie Rowland and W. H. Rowland. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to strike off judgment. Before Fox, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the court.

*John C. Nissley,* for appellant.

*Oscar G. Wickersham,* of *Wickersham & Neely,* for appellee.

OPINION BY LINN, J., April 21, 1924:

This is an appeal from an order striking off a judgment, confessed by attorney, pursuant to a warrant contained in a lease; the judgment was for $200, said to be composed of two items: rent $25, and "damages for opening the sewer" $175. Instead of bringing up the record for review, the parties by agreement printed for our consideration, only a short statement of the case, together with the opinion of the court below. That statement sets forth the following provisions from the lease as authority to enter the judgment stricken off:

"And the lessee does covenant with the lessor to keep all sewers and drains free and clear from obstruction; all water pipes, boilers, and closets protected from freezing; should any stoppage be permitted to occur in sewers or drains, or damage result therefrom or from freezing or overheating as above provided against the cost of removing obstructions and the damage resulting therefrom shall be added and collected as rent; said lessee hereby authorizes any attorney to appear for and to

enter judgment against said lessee for the rent and charges reserved for said term with declaration and costs of suit, with 5 per cent, added for same for collection fees with release of errors without stay of execution."

The parties agreed that before or after renting, the sewer and drain on the property became stopped and that lessee refused to open it. The lessor then did some work on the premises in consequence of the stoppage— just what, does not appear. One month's rent, $25, was due. We have not been furnished with the confession itself, but the opinion of the court below states that "in the confession of judgment, the sum of one hundred and seventy-five dollars is not mentioned as rent nor is it set forth as a charge, but as damages for opening the sewer."

The court therefore struck off the judgment because it appeared on its face that it had been entered in an amount and for items not included within authority expressed in the warrant of attorney; that the authority to enter judgment against the lessee was for rent and charges reserved for said term but not for damages as stated.

Unless the warrant of attorney contained authority to do the thing done, there was no power to do it; we find nothing authorizing judgment for damages for opening a sewer. Nor, as appellant contends, does the provision releasing errors avail him; it operates only on irregularities in the proceeding apparent in the record; it does not supply lack of power to proceed: Phila. v. Johnson, 23 Pa. Superior Ct. 591, 208 Pa. 645; Fogarty v. Dix, 75 Pa. Superior Ct. 214.

Order affirmed.