## Essrig, to use, v. Greenburg.

*Landlord and tenant—Warrant to confess judgment—Striking off—Act of Feb. 24, 1806.*

Under a warrant to confess judgment in an amicable action of ejectment contained in a lease, the lessor may not cause a judgment to be entered against the lessee for rent in arrears and increased taxation, and such judgment, if entered, will be stricken off.

Act of Feb. 24, 1806, 4 Sm. Laws, 278, considered.

Rule to show cause why judgment should not be stricken from the record. C. P. No. 2, Phila. Co., June T., 1924, No. 9359.

*E. E. Dicker*, for plaintiff; *I. Finklestein*, for defendant.

SMITH, J., specially presiding, Sept. 27, 1924.—This action grows out of a rule to show cause why judgment should not be stricken from the record. The defendant in this case executed a lease for a store and dwelling, No. 2014 North Front Street, in the City of Philadelphia, for a term of three years from Aug. 1, 1921, at a monthly rental of $100 per month, and the proviso that any increase in taxes or fire insurance should be paid by the lessee. There being default in two months' rent from June 1, 1924, to Aug. 1, 1924, at $100 per month, and there being an increase in taxation in the sum of $121.50, the owners had judgment confessed with the prothonotary of this court for the sum of $321.50.

The lease, in paragraph nine, provides as follows: "If the lessee shall violate any covenant or covenants herein contained or shall fail to vacate the demised premises at the end of any term, then this lease shall absolutely determine at the option of the lessor, to be signified by written notice to that effect delivered to the lessee or left upon the demised premises. And when the lease shall be so determined, any attorney may immediately appear for the lessee in an amicable action of ejectment to be brought by the lessor in any competent court for the recovery of the demised premises and damages for the detention thereof and therein confess judgment against the lessee, for which this agreement (or a true copy thereof) shall be sufficient warrant; and the lessor may issue thereon all the necessary writs or process for recovering possession of said premises with damages for detention (to be assessed at an amount equal to all unpaid rents) and costs. No determination of this lease nor recovery of possession of damages as aforesaid shall release the lessee from liability for the breach of any covenants herein contained."

The confession of judgment entered by David L. Ullman, attorney for the defendant, by virtue of authority in the lease is as follows:

"Pursuant to the terms of the lease for premises No. 2014 North Front Street, executed by A. Greenburg, defendant herein, a true and correct copy of which is hereto attached, made a part hereof and marked "Exhibit A," David L. Ullman, Esq., attorney for defendant, by virtue of the power of attorney contained in said lease, hereby appears and confesses judgment in favor of the plaintiff against the defendant for the sum of $321.50, being two months' rent from June 1, 1924, to July 1, 1924, and from July 1, 1924, to Aug. 1, 1924, at $100 per month, $121.50 increased taxation, without any stay of execution, bill, return or error, objection or exception, and waive the benefit of all and any exemption of the property, etc., under any laws."

In our opinion, the judgment should not stand. The judgment provided for in the lease was in ejectment and not as entered by the attorney for the owner. There is no provision in the warrant of attorney permitting judgment to be taken for the amount claimed as increased taxation. There is also noth-

ing to indicate that the attorney for the lessor gave a written notice to the lessee or left the same upon the premises in accordance with the provisions in the lease, so that the lease could be terminated or judgment taken. The Act of 1806, permitting judgments by confession, has always been strictly construed, and the court will not go outside of the wording of the warrant of attorney in extending the rights of the lessor.

It was held in the case of Sayers v. Redbank Telephone Co., 25 Dist. R. 655: "A judgment entered under a power of attorney which requires parole evidence to determine the amount of the judgment is void and should be struck off. The instrument on its face must show the authority for the acts done under and by virtue of it. Where a judgment is irregular on its face, the remedy is to strike it off—not to open it."

In the case of Desanto v. Rowland, 83 Pa. Superior Ct. 155, the court struck off the judgment because it appeared on its face that it had been entered in an amount and for items not included within the authority expressed in the warrant of attorney. Linn, J., said: "Unless the warrant of attorney contained authority to do the thing done, there was no power to do it; we find nothing authorizing judgment for damages for opening a sewer. Nor, as appellant contends, does the provision releasing errors avail him; it operates only on irregularities in the proceeding apparent in the record; it does not supply lack of power to proceed: Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, 208 Pa. 645; Fogerty v. Dix, 75 Pa. Superior Ct. 214."

The court, therefore, makes absolute the rule.