### Cornelia Cuyler's Estate.

*Landlord and tenant—Use and occupation—Claim for rent—Implied contract—Intention of parties.*

Ordinarily an obligation arises to pay for the occupancy of property owned by another, and particularly would a tenant occupying property under a lease which stipulated for rent be liable to pay the rent to the purchaser of the property without any formal assignment of the lease or attornment; but such obligation is based upon an implied contract, and, if the circumstances show that the parties did not contemplate a contractual obligation, no promise to make compensation for the occupancy will be implied.

Exceptions to adjudication *sur* account of C. Stuart Patterson, Admin'r of Cornelia Eleanor Cuyler, deceased. O. C. Phila. Co., April T., 1924, No. 1395.

The facts appear from the following extract from the adjudication of

GEST, J., Auditing Judge.—Francis L. Cuyler et al., as executors of T. De Witt Cuyler, presented a claim for rent of premises No. 2213 Delancey Street, Philadelphia, from April 1, 1920, to July 1, 1923, amounting to $3600.

Cornelia Cuyler's Estate.

The decedent lived for many years at No. 2213 Delancey Street, Philadelphia, owned by the Weightman Estate, and leased to the decedent at $90 per month, which rent was paid by T. De Witt Cuyler, who, as trustee for the decedent under the will of Eleanor Cuyler, deceased, charged her in his account with said rent up to April 1, 1920. At that time the property was purchased from the Weightman Estate by T. De Witt Cuyler, and the decedent continued to occupy the same, and this claim is brought for the rent from April 1, 1920, to July 1, 1923, the decedent having died, as stated, on June 20, 1923.

It clearly appears, however, that when the property No. 2213 Delancey Street, Philadelphia, was put on the market or offered for sale by the Weightman Estate, T. De Witt Cuyler (acting, as it was stated, in conjunction with his sister, Eleanor De Graff Cuyler) purchased the property in order that his aunt, the decedent, a lady of advanced years, should not be disturbed in her occupancy, as would have been the case if the property had been sold to a stranger. He did not, however, charge her with rent in his account, as he had previously done when the Weightman Estate was the landlord; no lease was executed to him, and there is no testimony whatever to show that T. De Witt Cuyler demanded rent or expected to charge it, or that the decedent agreed to pay rent or expected to pay it. It would seem quite clear that the purchase of the property by T. De Witt Cuyler was intended as an act of kindness to his aged relative, from which no contractual obligation arose during her lifetime, and which cannot be considered, after her death, as imposing such obligation on her estate. The claim is dismissed.

*Francis I. Gowen,* for exceptions; *Theodore Cuyler Patterson,* contra.

VAN DUSEN, J., April 24, 1925.—It is true that ordinarily an obligation would arise to pay for the occupancy of property owned by another; and that, particularly, a tenant occupying a property under a lease which stipulated for rent would be liable to pay the rent to the purchaser of the property without any formal assignment of the lease or attornment, as held in Braker v. Deuser, 49 Pa. Superior Ct. 215. But if the circumstances show that the parties did not contemplate a contractual obligation, no promise to make compensation for the occupancy will be implied. Illustrative cases, though not dealing with circumstances quite similar to those with which we are now concerned, will be found in Kneedler v. Winelander, 20 Phila. 274; Gilbraith's Estate, 270 Pa. 288. The circumstances referred to by the Auditing Judge convince us, as they did him, that it was not the intention of Mr. Cuyler to charge rent to the decedent, and the exceptions are, therefore, dismissed.

LAMORELLE, P. J., did not sit.