## Reber v. Evans.

*Judgment—Rule to open—Rule to strike off—Practice, C. P.*

1. Where both parties treat a rule to open a judgment as a rule to strike off, the court will dispose of the matter as though it were a rule to strike off.

*Landlord and tenant—Lease—Covenant not running with land—Power to confess judgment.*

2. Where the power to confess judgment is conferred upon the lessor by the terms of a lease which is not generally assignable, judgment cannot be entered by an assignee of the lease unless he can point to some provision in the lease authorizing such entry of judgment.

3. Such right to confess judgment is a mere personal right in the lessor, and is not a covenant running with the land.

Rule to open judgment, etc. C. P. Columbia Co., Feb. T., 1925, No. 160.

*H. Mont. Smith,* for plaintiff; *E. J. Mullen,* for defendant.

Evans, P. J., June 28, 1926.—This case comes before the court on petition and answer.

On Feb. 3, 1925, Charles M. Evans, defendant above named, presented his petition to the court, praying that a rule be granted on the plaintiff above named to show cause why judgment should not be opened and the defendant permitted to establish the facts, that the judgment be stricken off and the execution set aside; whereupon rule was granted on the plaintiff to show cause why the judgment should not be opened and the defendant permitted to defend against the same; meanwhile, execution to stay and levy to remain, etc.

Counsel for both the petitioner and the respondent, upon the oral argument of the rule and in their typewritten briefs, treated the rule as though it were a rule to open and strike off the judgment and set aside the execution. We will, therefore, dispose of the matter as though it were a rule to strike off the judgment and set aside the execution.

There is no dispute about the facts. The material facts as disclosed by the petition and answer are as follows:

1. The defendant, Charles M. Evans, made a lease with one F. D. Dentler, March 2, 1920, for a storeroom, basement, etc., situate on the south side of Main Street, in the town of Bloomsburg, Pennsylvania. By the terms of the lease it was to run from April 1, 1920, to March 31, 1925, for a rental of $4500, payable $225 on the first day of July, October, January and April of each year during the continuance of the lease. The lease was in writing, and the original is attached to the affidavit of default and præcipe for judgment filed in this case.

2. The defendant entered into possession of the premises and paid the rent to F. D. Dentler to Oct. 1, 1921.

3. F. D. Dentler died testate in 1921, prior to Oct. 25th of said year. His executrix conveyed the premises described in the lease for a valuable con-

Reber v. Evans.

sideration by deed dated Nov. 10, 1921, to the plaintiff, W. McK. Reber, above named. The said executrix, also for a valuable consideration, assigned said lease to said Reber on Oct. 25, 1921.

4. The defendant, Charles M. Evans, paid the rent accruing for said premises to W. McK. Reber, the plaintiff, from Oct. 1, 1921, to Oct. 1, 1924.

5. Jan. 26, 1925, the quarter's rent for the premises for the three months ending Jan. 1, 1925, remaining unpaid, the plaintiff, W. McK. Reber, filed the affidavit of default and præcipe for judgment on the lease against the defendant, Charles M. Evans, for the sum of $472.50, being the rent from Oct. 1, 1924, to the end of the term, March 31, 1925. The said sum of $472.50 includes attorney's commission of $22.50, as per the following memorandum:

PRÆCIPE FOR JUDGMENT.

To Jackson Rhodes, Esquire, Prothonotary:

Sir: Enter judgment on the attached lease in favor of the plaintiff and against the defendant above named and assess damages in accordance with the affidavit of default hereto attached, as follows:

| | |
|---|---:|
| Debt | $450.00 |
| Attorney's Commission 5% | 22.50 |
| Total | $472.50 |

H. MONT. SMITH,
Jany 26, 1925                      Attorney for Plaintiff.

Now, January 26, 1925, judgment is entered for plaintiff and against the defendant and plaintiff's damages are assessed as follows:

| | |
|---|---:|
| Debt | $450.00 |
| Attorney's Commission 5% | 22.50 |
| Total | $472.50 |

JACKSON RHODES,
Int. from Jan. 26, 1925.                      Prothonotary.

6. Jan. 26, 1925, the plaintiff caused execution to be issued on the said judgment, and forthwith placed the same in the hands of the sheriff for execution.

7. Jan. 30, 1925, the defendant, Evans, paid the plaintiff's clerk $250, the quarter's rent due Jan. 1, 1925, and a receipt was given for the same.

8. The lease contains, inter alia, the following language:

"And if default shall be made in the payment of any part of said rent for thirty days after the same becomes due, or if the second party shall break or evade, or attempt to break or evade, any of the covenants, agreements and conditions of this lease, the first party may forfeit and annul the unexpired portion of this lease and enter upon and repossess the said premises without process of law and without any notice whatsoever.

"If default shall be made in the payment of any rent when the same shall become due, or if the second party shall permit any judgment to be entered against or make an assignment for the benefit of creditors, or commit any other act of bankruptcy, the rent for the full term shall become immediately due and collectible by distress or otherwise.

"And the said second party hereby confesses judgment in favor of the said first party for the whole amount of the rent at any time remaining unpaid, whether the same shall have been due or not, waiving stay of execution, inquisition and all exemption laws, and five per cent. to be added as attorney's commission for collection."

A careful reading of the lease discloses that all the covenants and agreements contained therein are made with F. D. Dentler, lessor, the party of the

first part, and not with the party of the first part, his heirs and assigns, or with the party of the first part and his assigns. No reference whatever in the lease is made to a contemplated sale of the property. This is significant of the lessor's and lessee's rights under the lease.

The language of the lease is, "and the said second party hereby confesses judgment in favor of the said first party for the whole amount of the rent in arrears. . . ."

The judgment, however, in this case is confessed—entered in the name of W. McK. Reber against Charles M. Evans.

The defendant contends:

1. That by the terms of the lease in writing between F. D. Dentler and Charles M. Evans, a default could not be declared in this lease until the expiration of thirty days after any instalment of rent became due, and that the declaration of forfeiture and the entry of judgment for the entire rent for the balance of the term on Jan. 26, 1925, was premature and cannot be sustained.

2. That the covenant contained in the written instrument of lease, confessing judgment by defendant in favor of F. D. Dentler for the whole amount of the rent at any time remaining unpaid, whether the same shall have been due or not, is a personal covenant and did not pass by a mere transfer of the land by deed and an assignment of the lease to Reber, in the absence of any stipulation in the lease that such covenants are for the benefit of the "lessor and his assigns."

On the other hand, on the part of the plaintiff, it is contended most earnestly that the defendant's contentions are not only unsupported by the facts and the law, but are so extremely technical as to merit no consideration under a proceeding to open a judgment, which is in its very nature an appeal to equitable principles.

This is more than an application to open a judgment. It is an application to strike off a judgment and set aside an execution. In Stewart v. Lawson, 181 Pa. 550, Mr. Justice Fell says:

"We have, then, a judgment entered against three defendants on a warrant of attorney signed by one of them only. The only ground on which it is attempted to sustain the judgment against Lawson is that he was a sub-tenant and bound by the terms of the lease. It is true that if he was a sub-tenant, he was subject to the terms of the lease between his lessor and the owner, and he could have been ejected by proceedings on a judgment entered against Jackson. There was full authority for entering a judgment against Jackson, and its enforcement would have turned out of possession every one claiming under him, but we find no authority for entering a judgment against Lawson. He had not signed the warrant of attorney, and his coming in as a sub-tenant gave no one authority to confess judgment against him. A judgment by confession must be self-sustaining on the record, and as there is nothing on this record to sustain a judgment against Lawson, the rule to strike it off should have been made absolute.

"When a judgment has been regularly entered upon the records, it may be opened for cause shown, an issue may be directed to determine the right of the plaintiff to have execution upon it, or he may be restrained from proceeding to enforce it, as the facts may require. But to justify the court in striking a judgment from its records, it should appear that its entry was unauthorized and that the plaintiff had no right to place it on record as a lien or an adjudication against the defendant:" Miller v. Nerdzielska, 176 Pa. 411.

Reber v. Evans.

In Robey on Real Estate and Conveyancing in Pennsylvania, a standard text-book published in 1922, the following doctrine is laid down in section 328, on pages 332 and 333: "Not only the right to receive rent, but all other covenants that run with the land pass to a grantee of the premises, even though the lease is not assigned. Covenants, however, which do not directly concern the land, but are merely personal rights collateral to the land, do not pass by a mere transfer of the land. In order that an assignee shall have the benefit of such covenants, it is necessary that the lease expressly state that they are for the benefit of the 'lessor and his assigns,' and that the lease itself be assigned. As examples of the many covenants that run with the land might be mentioned the following: To pay rent, to make repairs, to use the premises only in a stipulated manner. An important example of a covenant that does not run with the land is a warrant of attorney to confess judgment: Hockley v. McGlinn, 40 L. I. 279. See, also, Fogerty v. Dix, 75 Pa. Superior Ct. 214."

Where the power to enter judgment is conferred upon the lessor by the terms of a lease, and the same is not generally assignable, judgment cannot be entered by an assignee of the lessor unless he can point to a provision in the lease authorizing such entry of judgment: Fogerty v. Dix, 75 Pa. Superior Ct. 214.

In delivering the opinion of the court in this case, Mr. Justice Linn, at pages 217 and 218, says: "It, therefore, appears that the power to enter judgment against appellant was conferred upon the lessor and not upon the lessor and his assigns. The parties have not agreed that the lessor shall not assign the lease, so that, of course, he may do, but the question will remain, what passes by the assignment? . . . The lessor and the lessee were, of course, competent to agree that, in the event of the lessee's default, judgment might be entered against him therefor by the lessor or by the lessor and his assigns generally, or by the lessor and his assigns in particular circumstances, and their intention in this regard as stated in the lease should be carried into effect. . . . Not having provided that the lessor and his assigns generally should have the power, but having provided only that in case of sale the power may be transferred with the effect specified, we conclude that the papers on which judgment was entered show no power in the appellee to enter judgment, because it nowhere appears that the demised premises were sold and conveyed by the lessor. The invalidity of the judgment, therefore, appears on the face of the record."

It nowhere appears in the lease that the covenants thereof are for the benefit of the lessor and his assigns. While it is true that, under the law generally, all covenants that run with the land pass to the assignee by an assignment, it is not true that mere personal rights collateral to the land pass by such assignment.

There is nothing in this record, the judgment being by confession, to sustain the judgment. The lease being from Dentler, and not from Dentler and his assigns, the assignee, W. McK. Reber, had no right, power or authority to enter the judgment in this case. The entry of the judgment being unauthorized by the terms of the lease, it, therefore, follows that the rule to show cause should be made absolute, the judgment stricken off and the execution set aside.

And now, June 28, 1926, the rule is made absolute, the judgment stricken off and the execution set aside, at the cost of the plaintiff.