## Advance-Rumely Thresher Co. Inc. v. Frederick.

Andrew A. Leiser, for plaintiff.
Cloyd Steininger and H. W. Cummings, for defendant.

POTTER, P. J., Aug. 19, 1929.—The defendant entered into a written lease, under seal, with the plaintiff, dated Feb. 15, 1929, under the provisions of which the plaintiff leased to him, to be shipped on or about March 15, 1929, one oil pull tractor rated 15, traction H. P. 25, for the term of twenty-one months, beginning Feb. 15, 1929, and ending Dec. 30, 1930, at a rental of $870, which was to be paid as follows: $170 on delivery of the tractor, $100 on Oct. 1, 1929, $250 on Dec. 15, 1929, and $350 on Dec. 1, 1930, and, in addition to which, he was to deliver to the plaintiff one 12.20 oil pull. All deferred payments to be secured by judgment exemption notes, to be delivered to the plaintiff at the date of the delivery of the tractor to the defendant.

On May 10, 1929, the plaintiff caused the above-stated judgment to be entered against the defendant in the sum of $870, with attorney's commission, costs, &c., by virtue of a warrant of attorney in the said lease contained, on which a writ of *fi. fa.* was issued and levy made on his personal property. On June 3, 1929, on his petition to us presented, we granted a rule on the plaintiff to show cause why the said judgment should not be stricken off, and to show cause why the plaintiff, being a corporation from another state, should not enter security for costs. No affidavit of default or other paper was filed with the lease in court.

We are asked to strike off this judgment for the following reasons:

1. No affidavit of default or statement of claim showing the amount due, if any, was filed by the defendant [should be plaintiff] at the time of the entry of the said judgment.

2. There is nothing appearing of record showing that the machinery mentioned and leased in the contract hereinbefore referred to was delivered to the defendant.

3. The contract or lease hereinbefore referred to requires the payment by the defendant to the plaintiff in the sum of $170 at the time the machinery mentioned in the said lease or contract was to be delivered to the plaintiff. Nothing appears of record showing that the said sum of $170 was not paid.

4. That, so far as the record in this case shows, nothing is due by the defendant to the plaintiff upon the lease, contract or obligation mentioned.

5. That from a perusal or examination of the obligation, lease or contract in this case, it is impossible to determine what, if anything, is due on the said obligation, or that there was default in any respect on the part of your petitioner.

6. That the warrant of attorney contained in the obligation, lease or contract hereinbefore mentioned is a conditional warrant of attorney and authorizes the confession of judgment upon the happening or non-happening of certain events. There being no affidavit of default nor a statement of claim filed alleging the happening or non-happening of the events contained in the conditional warrant of attorney, the judgment entered thereon was illegally entered, is void, of no effect, and should be stricken from the record.

7. On the face of the record, there is nothing at this time due the plaintiff from the defendant.

8. On the face of the record, no default appears.

9. Because, it being impossible to determine from the face of the record the amount due on the lease or contract upon which judgment was entered, or that any amount was due, then, before a valid judgment could be entered, an averment stating in what respect default had occurred must be filed and appear of record.

10. The lease or contract in question, as it appears of record, shows that it must be accepted by the plaintiff company. There is nothing of record to show that it was accepted.

We think these reasons given in support of the rule to strike off the judgment are well taken. We have no hesitation in saying that, in our judgment, this is a conditional lease and warrant of attorney. It reads as follows: "If lessee shall fail or refuse to receive the goods above described and to settle for the hire thereof at the time and in the manner aforesaid, then, in that event, lessee, jointly and severally, empowers any attorney or any prothonotary of any court of record in Pennsylvania to appear for him and with or without declaration confess judgment against him and them (if more than one) in such court for the sum of eight hundred seventy dollars, payable one

day after date, with costs of suit and five per cent. collection fees, waiving stay of execution, right of appeal, errors, inquisition and exemption laws."

By the terms of this warrant of attorney, if the lessee fails to do certain things, judgment may be entered; and, conversely, if he does those certain things, judgment cannot be entered. As we have before said, when this judgment was entered, nothing was filed but the lease. There was no obligation nor affidavit of default filed. How, then, are we to know whether or not he is in default in the performance of those things? We are of the opinion that an affidavit setting out the default of the defendant, if any, should have been filed. Where a warrant in a bond authorizes an attorney of record to enter judgment after default, failure to aver default on entry of a judgment is fatal, and the judgment will be stricken off: Kolf v. Lieberman, 282 Pa. 479.

In the case before us, the language is "If the lessee (defendant) shall fail or refuse," &c. This very plainly indicates that in the performance or the non-performance of the conditions of the lease there must be either a default or no default, and from the bare lease, with nothing more, there is nothing to indicate which.

It is contended by counsel for the plaintiff that should there have been any defect in the judgment entered, which he denies, it is cured by the "waiver of errors" contained in the warrant of attorney. We cannot concur in this contention. A waiver of errors operates only on irregularities in the proceeding apparent in the record; it does not supply lack of power to proceed: Disanto v. Rowland, 83 Pa. Superior Ct. 155; Philadelphia v. Johnson, 23 Pa. Superior Ct. 591, affirmed in 208 Pa. 645; Fogerty v. Dix, 75 Pa. Superior Ct. 214. And a judgment entered under a power of attorney which requires parol evidence to determine the amount of it is void and should be struck off. The instrument on its face must show the authority for the acts done under and by virtue of it. Where the judgment is irregular on its face, the remedy is to strike it off, not to open it: Sayers v. Redbank Telephone Co., 25 Dist. R. 655; Essrig v. Greenburg, 5 D. & C. 183. A release of errors does not reach the defect of a lack of authority to proceed, but operates only on errors or irregularities in the proceedings apparent on the record: Philadelphia v. Johnson, supra. Such waiver and release is not the waiver of the right to have inquiry made into the power of the lessor to enter judgment at all. What it does is to release to the lessor all errors or defects in the judgment or in causing the writ to be issued: Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364.

So far as concerns this rule as relates to security for costs, we think our rule of court (New Rules, page 21, rule 1) covers this contention. We do not think that under this rule security for costs can be demanded at this stage of the proceedings.

We think we have covered the chief reasons set up by the defendant in his petition why the judgment should be stricken from the records, and, in view of our proposed disposal of the question, we deem further discussion unnecessary.

We might go on and discuss the reasons set up in the petition of the defendant seriatim, but we think we have discussed sufficiently the reasons which, in our judgment, warrant us in entering the following decree:

And now, to wit, Aug. 19, 1929, the rule is made absolute, and it is ordered and directed that the judgment complained of in these proceedings be stricken from the records of this court. As to the same rule requiring security for the costs, it is discharged. An exception is noted for both the plaintiff and for the defendant.                    From A. Francis Gilbert, Middleburg, Pa.