## Stewart v. Briggs

*George M. Meyers*, for plaintiff; *Hicks & Owens*, for defendant.

PATTERSON, P. J., December 29, 1931.—This is a certiorari to determine whether or not certain proceedings before a justice of the peace to recover possession of certain real estate are regular under the Landlord and Tenant Act of December 14, 1863, P. L. (1864) 1125, as amended by the Act of March 6, 1872, P. L. 22.

E. B. Dysart (now deceased) by agreement in writing leased and demised his farm land situate in Antis Township, Blair County, Pa., to J. W. Briggs for a term of one year, beginning April 1, 1930, and ending April 1, 1931.

E. B. Dysart died January 15, 1931, leaving a last will and testament, wherein he devised unto Sewell J. Stewart, alias J. Sewell Stewart, a part of the farm lands leased and demised to J. W. Briggs.

Prior to April 1, 1931, J. Sewell Stewart notified J. W. Briggs to remove from said premises, as he desired to possess the same at the end of the term, to wit, April 1, 1931. The lease between Dysart and Briggs waived the legal notice to vacate in the following language: "At the expiration of lease Jackson W.

Briggs will agree to waive the three months' notice required by law and surrender lease without further demand."

Briggs refused to vacate said premises at the end of the term, and on May 29, 1931, the said J. Sewell Stewart, alias Sewell J. Stewart, filed a complaint before W. F. Balsbach, Esq., a justice of the peace, to recover possession of said premises under the Act of 1863, as amended by the Act of 1872.

Counsel for Briggs filed four exceptions to the magistrate's record. First, that the magistrate was without jurisdiction, for the reason that the record shows affirmatively that no "rent certain" was reserved at the time of the execution of the original demise as the acts of assembly require. Second, that the said record did not show that the magistrate found as a fact that certain rent was reserved. Third, that the record shows that this proceeding is to recover possession of a part only of the demised premises and that the magistrate is, therefore, without jurisdiction. And, fourth, that the proceeding is fatally defective in that it does not adequately and completely describe either the whole of the demised premises or the part involved in the present proceeding.

The acts of assembly under which this proceeding is had provide a summary action for the immediate recovery of lands leased and demised upon a written lease or a contract in writing or upon a parol agreement in and by which the relation of landlord and tenant is established between the parties and a certain rent is therein reserved. Mr. Justice Sterrett, in discussing the provisions of the acts of assembly here under consideration, in the case of Davis v. Davis, 115 Pa. 261, says:

"It is essential, not only that the relation of landlord and tenant shall be established by competent evidence of an express contract, but also that a rent, fixed and certain in its terms, was reserved in and by the contract."

The record shows that the justice of the peace, in the present case, found the rental to be "to harvest and store all crops raised on the demised land, in dry condition in the barn thereon, thresh all grain in barn and store all straw possible, and to divide all main crops or grain and corn raised on said land, delivering to said E. B. Dysart the one-half parts thereof, and to pick and deliver to E. B. Dysart one-half part of all apples grown on said premises, agreeing to plow and work the garden for said E. B. Dysart and to feed and milk a cow for him and deliver milk at said Dysart's house."

We believe this finding is supported by the terms of the written agreement offered in support of the complaint, and that it constitutes a rent certain. There can be no uncertainty about the work to be done or the share of crops to be harvested and delivered to the landlord, neither can there be any doubt or uncertainty for other services provided for.

"Nothing is more common in America," says Mr. Morris in his edition of Smith's Law of Landlord and Tenant, "than to make the rent a certain portion of the annual produce of the farm, as, for instance, one-half the grain, to be delivered in the bushel, one-half of the hay and straw, etc. And it has always been held that these are good reservations of rent, in kind, and that they may be distrained for. It is considered the fairest mode of letting, as well for the landlord as the tenant. The landlord has the advantage of a prosperous harvest, and the tenant escapes the heavy loss which a year of scarcity might entail upon him. This is commonly called letting the land on shares, a form of expression which seems to be sufficiently accurate and quite apt for the expression of the idea intended to be conveyed."

Cases supporting this rule are: Fry v. Jones, 2 Rawle 11; Jones v. Gundrim, 3 W. & S. 531; Rinehart v. Olwine, 5 W. & S. 157, 162, 163; Brown et al. v. Jaquette, 94 Pa. 113, 115.

The question of jursidiction must be determined in favor of the record, which shows the necessary jurisdictional facts. Lessor was quietly in possession of the lands which were demised to the tenant for a definite term. A rent certain was reserved and the term expired on April 1, 1931, under a lease which waived the usual notice to quit, but notice was actually served. The Supreme Court, in Givens v. Miller, 62 Pa. 133, 135, lays down the rule as to jurisdiction as follows:

"The justice, in order to render judgment for a plaintiff, must find or make an inquest of certain facts, which must appear of record, either in his judgment or by reference to the complaint as true, viz., that the plaintiff was peaceably possessed of the said premises, that he demised the same to the tenant in possession, or to some other person under whom he claims, and that the term for which the same was demised is fully ended, and that three months' previous notice has been given of his desire to repossess the same."

The exception which holds that this proceeding fails for the reason that it is brought to regain possession of only part of the original demised tract is without merit. In support of this conclusion, we quote 2 Pepper & Lewis, Digest of Laws of Pennsylvania (2nd ed.), c. 4540, note 4, as follows:

. "In case the premises are sold, either the grantor may give notice to quit for the benefit of his grantee: Glenn v. Thompson, 75 Pa. 389 (1874); or the grantee may give notice in his own name: Tilford v. Fleming, 64 Pa. 300 (1870), affirming 7 Phila. 301 (1869); Mortimer v. O'Reagan, 10 Phila. 500, s. c., 5 Leg. Op. 31 (1873). Even the grantee of part of the premises may proceed under the Act of March 21, 1772, 1 Sm. Laws 370, Secs. 12 and 13; supra, 20, 21 (and probably under this [Act of December 14, 1863, P. L. (1864) 1125, Sec. 1] ); De Coursey v. Guarantee Trust and Safe Deposit Co., 81 Pa. 217."

Mr. Justice Paxson, in passing upon a provision of the Act of 1772, in the case of De Coursey v. Guarantee Trust and Safe Deposit Co., supra, page 227, which is very similar to the one here, says:

"Prior to the passage of this act a landlord had no remedy against his tenant holding over after the expiration of his term but the action of ejectment, a tedious and expensive proceeding. The object of the Act of 1772 was to furnish a summary proceeding in such cases, in which the legal rights of the parties should be carefully protected and yet avoid the intolerable delays incident to a suit of ejectment. This case comes clearly within the mischief which the act sought to remedy. We have a demise, a notice to quit, a sale by the landlord, and a refusal by the tenant to surrender the possession to the landlord's vendee at the end of the term. Does the fact that the proceedings were for a part of the demised premises only oust the jurisdiction of the alderman? It may be conceded that the landlord cannot proceed under this act to recover the possession of a part of the demised premises and hold the defendant as tenant for the residue. No such attempt was made in this case. The notice to quit was for the entire premises. At the end of the term the landlord had a right to proceed for the recovery of the whole. How is the tenant injured because the proceedings are only for the recovery of a part?"

"The landlord and tenant acts of March 21, 1772, December 14, 1863, and March 14, 1865, are so far in pari materia as to require, in the construction of the last two, the application of the principles settled by the Supreme Court in relation to the first:" Miller v. Frees, 1 Woodw. Dec. 409.

The fourth exception complains that the description of the premises is inadequate and uncertain. This complaint, however, is not supported by the finding of the magistrate. He describes the land as follows:

"So much and all of the lands and premises so demised by said E. B. Dysart to said J. W. Briggs, except the fields above Tipton, and including all of the farm land lying south of the main line of the Pennsylvania Railroad and within the aforesaid 400-acre tract."

In the case of Duff v. Fitzwater, 54 Pa. 224, 226, the Supreme Court's opinion in support of this conclusion reads as follows:

"As to the exception taken to the description of the premises, it is sufficient to say that they appear to be described in the inquisition in the same manner they were in the lease, and that is certain enough. If the tenants knew what to take and enjoy by the description in the lease, they knew what to surrender, and if the sheriff has to be called in he will deliver only the premises which the tenants obtained under the lease."

Any person who succeeds the original owner as holder of the title may proceed under the Act of 1863. Attornment being unnecessary, it is not required in this state to enable the alienee to be restored to the estate when the tenant's term is ended. To prevent difficulty, however, the Act of February 20, 1867, P. L. 30, authorizes the owner of the premises, who has acquired title by descent or purchase from the original lessor, to proceed under the Act of 1863 and the Act of April 11, 1866, P. L. 97, and its supplements: Tilford v. Fleming, 64 Pa. 300; Dumn v. Rothermel, 112 Pa. 272, 280; Yoder & Yoder v. Swainbank, 82 Pa. Superior Ct. 568.

For the reasons herein stated, the exceptions to the record of the justice of the peace are refused and the certiorari dismissed, at the cost of the defendant.

From Robert W. Smith, Hollidaysburg, Pa.