Kenwood *v.* Dordick et al., Appellants.

Argued December 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADT-FELD, JJ.

*Maxwell Pestcoe,* for appellants.

*Lloyd J. Schumacker,* for appellee.

PER CURIAM, March 5, 1932:

This is an action of replevin brought by a tenant against the purchaser at sheriff's sale of the property which the tenant occupied; the constable executing, the distraint being joined.

The tenant was under lease dated, January 22, 1929, for five years from the 1st of March, 1929. A mortgage was placed on the property, February 19, 1929; the mortgage was foreclosed and the sheriff's sale occurred August 3, 1931. The property was bought by Matilda Dordick, the defendant, who, the affidavit of defense states, is a straw party, taking the title on behalf of the mortgagee.

On the day of the sheriff's sale, the mortgagor assigned the lease to the purchaser. On August 5, 1921, the tenant was notified by the "new owner" to pay

the rent to her agents, which rent was accrued and owing up to August 1, 1931. The new owner caused a distraint for rent to be made and the tenant brought the present suit. The court held that the defense offered was not tenable and gave judgment for the plaintiff.

(The quotations are from the opinion of FINLETTER, P. J.)

"(1) It is plain she has no right under the notice given in her capacity as mortgagee, because she made no such claim until after the foreclosure of the mortgage and judgment thereon; and then she did not claim as mortgagee but as 'the new owner,' meaning evidently the purchaser at the sheriff's sale. Also the rent in dispute accrued to the mortgagor before the notice was given."

A purchaser becomes the landlord to the tenant in possession and can recover any rent accruing subsequently to the acknowledgment of the deed to him. Act of June 16, 1836, P. L. 753, Section 119, P. S. 12, Section 2611. Decided cases also recognize the right of the purchaser to no other rents than such as accrue after the acknowledgment of the sheriff's deed and its delivery: Garrett v. Dewart, 43 Pa. 342. The mortgagee could have given notice to the tenant prior to the sheriff's sale that the rents should be paid to him, (see Bulger v. Wilderman and Pleet, 101 Pa. Superior Ct. 168; Randal v. Jersey Mortgage Investment Co. et al., 306 Pa. 1) but he never did. When the new owner obtained his deed, the relationship of landlord and tenant had its inception; it did not revert back and give the right to distrain for prior rent.

"(2) Under the assignment of the lease, the assignee (the defendant) undoubtedly has a valid claim for all rent, accrued and to accrue."

"The question remains, has the assignee of the lease a right of distraint for arrears of rent accrued before the assignment. Plaintiff denies the right for reasons

based on the feudal relation of the parties, among others the necessity of an attornment. This no longer exists in Pennsylvania, where the statute of 4 Anne Cap. XVI, Sections IX and X, Roberts Digest, is in force. There is no longer the necessity for the ceremony of attornment. But plaintiff argues, and we think correctly, that while the ceremony may be omitted, and while it may be assumed that the relation of landlord and tenant exists without it, yet the relationship is now, as it was always, a new tenure, under a new landlord for the remainder of the term. If so, inasmuch as the claim for arrearages does not arise out of the new tenancy, the right of distress under the old lease does not attach to the new tenancy. The landlord cannot insist upon a duty that was not owing to him but to the former landlord, whose title to the premises is extinct.''

''The assignee may claim the arrearages, and have them under the assignment as a debt he has bought, but he may not have a landlord's right to distress, he may not insist upon the tenant's performing a duty to him which he owed only to the old landlord.''

''The transfer of a reversion and assignment of accrued rents does not entitle the transferee to distrain for the accrued rents: 16 R. C. L., p. 1008, Sec. 524; L. R. A., 1915, C. 196; Lewis' Appeal, 66 Pa. 312; Brown v. Metropolitan Society, 9 Eng. Rul. Cases 610; 28 L. J. Q. B. 236; Stavely v. Alcock, 16 Q. B. 636.''

The judgment is affirmed.