Girard Trust Company, Trustee, *v.* Dempsey et al. (Shotkin, Appellant).

472

Argued October 7, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Abraham Wernick,* for appellant.

*H. Justice Williams,* with him *Wintersteen, McCoy & Wintersteen,* for appellee.

Opinion by Keller, P. J., January 27, 1938:

This is a proceeding brought under the Act of April 20, 1905, P. L. 239, 12 PS secs. 2571-2590 by Girard Trust Company, Trustee, for the possession of real estate which it had purchased at sheriff's sale. The respondent and appellant is Bernard Shotkin, who was in possession of the first floor and basement of the

building under a lease from the defendants in the execution, made long after the execution and recording of the mortgage on which the sheriff's sale was based. Girard Trust Company, Trustee, was the holder of the mortgage and the judgment bond accompanying it, on which execution issued. See *Keene Home v. Startzell,* 235 Pa. 110, 83 A. 584.

The possession of Shotkin as tenant of part of the mortgaged premises, was subordinate to the mortgage, (Act of 1905, supra, section 14, p. 243), and the purchaser at sheriff's sale on an execution discharging the mortgage was under the law entitled to possession of the leased premises, unless he had done something, subsequent to his acquiring the property, which had the effect of continuing the lease in operation and prevented him from enforcing his right of possession as purchaser.

The appellant asserts that the appellee is not entitled to enforce its right of possession as purchaser for two reasons: (1) Because while mortgagee in possession of the premises, on August 31, 1936, it made demand on appellant for the payment to it of the rent then due and thereafter to become due, pursuant to which appellant paid rent to appellee, and that by accepting this rent the appellee, in effect, affirmed and continued the lease; (2) because on November 9, 1936, after the sheriff's sale, which occurred on October 5, 1936, appellant sent appellee a check for one hundred dollars covering one month's rent under his lease with the notation "One month's rent in advance for 27 S. 16th St. from 11/5 to 12/5/36," enclosed in a letter to the same effect; and that the acceptance of this check amounted to an affirmation and continuance of the lease. In the circumstances presented in this case neither position is tenable. We will consider them in order.

(1) Appellant seeks to justify the first proposition by an expression used by the writer of this opinion in *Bulger v. Wilderman & Pleet,* 101 Pa. Superior Ct.

168, on page 180, where, in distinguishing between the rights of an assignee of a lease and of a mortgagee in possession to collect the rent due from the tenant we said, "The only difference ...... as respects attornment is that by statute 4 Anne, Chap. 16, secs. 9 and 10 (in force in Pennsylvania, Roberts Digest, 43, 45, 46), attornment is not necessary for the former to sue or distrain for rent, whereas the latter could not do so without attornment or its equivalent, payment of rent on notice and demand, or agreement to do so"; and by a paragraph from the opinion of Mr. Justice SIMPSON in *Randal v. Jersey Mortgage Investment Co.,* 306 Pa. 1, 5, 158 A. 865, where in summarizing our opinion in *Bulger v. Wilderman & Pleet,* supra, he said: "3. Whenever a mortgagor or one claiming title under him leases the mortgaged premises after the execution of the mortgage, his rights are necessarily subject to the prior rights of the mortgagee or his assignee, unless there is an agreement otherwise. Hence, if, under such circumstances, upon notice to the tenant, the latter pays the rent to the mortgagee or his assignee, it is the equivalent of an attornment, and the mortgagor and those claiming title under him, cannot justly complain of such payments." He cites these excerpts as authority for the proposition that the Girard Trust Company, Trustee, by accepting rent from the tenant, Shotkin, following a demand by it, as mortgagee in possession of the premises, had thereby, in effect, entered into a lease with Shotkin which prevented it from recovering possession from the latter, after the foreclosure of the mortgage had terminated his lease and the Trust Company had become the purchaser at sheriff's sale. No such conclusion is justified.

The point decided in the case of *Bulger v. Wilderman & Pleet,* supra, was that a tenant could legally pay his rent to the holder of a mortgage—which was recorded before the lease was made—,following a notice of breach

of the mortgage and demand for its payment, and that such payment was a good defense to a demand by the landlord or his assignee for the same rent. We pointed out that the mortgagee had such a paramount right of possession, created by the mortgagor's own act and existing when the lease was made, as would justify the tenant in attorning and paying the rent due and payable, after notice and demand, to the mortgagee; and that such action was not a denial by the tenant of his landlord's title but a recognition of the paramount right granted by him to the mortgagee, to which the lease was from its inception subject; but we did not hold or even intimate that payment of rent by the tenant to the mortgagee on demand after a breach of the mortgage constituted an *attornment in law*, in the technical sense, with all its incidents, but rather that the *consent* of the tenant to the assignment or alienation of the lease,— on which attornment was based, (2 Blackstone's Comm. 72, 288, 290)—was furnished by the tenant paying rent to the assignee, the mortgagee; that, in that respect, it was the equivalent of an attornment. We pointed out, on page 179, that, without it, although entitled to possession of the rents, as respects the mortgagor, the mortgagee could not sue the tenant or distrain for the rent.

The very question which we are now discussing came up before the Court of Common Pleas No. 2 of Philadelphia County, in the case of *Toub, to use, etc., v. Tessler,* 18 D. & C. 220, and was decided adversely to the appellant's contention. We are in entire accord with the construction placed by Judge GORDON (pp. 221, 222) on the language used in *Bulger v. Wilderman & Pleet,* supra, and *Randal v. New Jersey Mortgage Investment Co.,* supra, relied on by appellant, and refer to his clear and satisfactory discussion of the subject.

The acceptance by the Girard Trust Company, Trustee, as mortgagee in possession, of the rent due by Shotkin,

as tenant under the lease, did not create a new lease between it and Shotkin. The rent was received by the mortgagee not as owner or landlord, but as assignee of the mortgagor, by way of security for the mortgage debt, and its payment had no effect whatever upon the paramount lien of the mortgage or the legal effect which a foreclosure or sheriff's sale upon it would have in the way of terminating all leases made subsequent to its recording. A mortgagee, by exercising the authority granted him in the mortgage, to enter into possession of the mortgaged premises and collect the rents for the purpose of applying them to the mortgage debt, does not thereby jeopardize, limit or restrict in any way the fundamental right secured to him by law to foreclose his mortgage and issue execution upon any judgment entered on or under it and become the purchaser of the property free and clear of all estates, interests and claims subordinate to the mortgage.

(2) If the Girard Trust Company, Trustee, the purchaser at the sheriff's sale, had accepted from the appellant, Shotkin, rent accruing under the lease after the delivery and recording of the sheriff's deed, a different question would be here presented. See *Curry v. Bacharach Quality Shops,* 271 Pa. 364, 370, 371, 117 A. 435. But it did not. The sale occurred on October 5, 1936. The sheriff's deed was acknowledged on October 13, 1936, but was not delivered or recorded until several months later. In the meantime, on October 14, 1936, the defendants in the execution filed exceptions to the sheriff's sale and obtained a rule on the Girard Trust Company, Trustee, to show cause why the sale should not be set aside, "all proceedings to stay meanwhile." To this an answer was filed and further proceedings had, which it is not necessary to recite in detail, resulting, on January 30, 1937, in the withdrawal of the exceptions to the sheriff's sale and the discharge of the rule to set it aside. On February

4, 1937 the sheriff's deed to the purchaser was delivered and recorded, and on April 16, 1937, written demand was made by the Girard Trust Company, Trustee, as purchaser, on Shotkin requiring him to vacate and deliver up possession of the premises on or before April 21, 1937. On his failure to comply with this demand this proceeding was brought.

The effect of the filing of exceptions to the sheriff's sale and of the motion to set it aside before the delivery and recording of the sheriff's deed is set forth in *Warren Pearl Works v. Rappaport,* 303 Pa. 235, 154 A. 587, where Mr. Justice SIMPSON, speaking for the Supreme Court, in discussing the changes in the law made by the Act of April 22, 1905, P. L. 265, relating to sheriff's and coroner's deeds, said: "It will be noticed that under this section [section 4[1]] the mere acknowledgment before the prothonotary or clerk is not to have the same effect as an acknowledgment in open court previously had, but that there must now be both 'the acknowledgment of the deed *and* its delivery to the sheriff or coroner for the purpose of recording' before it shall

---

[1] "Section 4. No deed shall be acknowledged before the return day of the writ under which the sale was had, or pending a motion to set aside the sale, or exceptions made to its confirmation; nor shall a deed be delivered while such a motion or exceptions are pending, whether made before or after acknowledgment, and until the expiration of such further time, if any as the court may direct by rule, or special or standing order. At the expiration of the times stated, and after the final disposition of all such motions or exceptions, if any such be made, the prothonotary or clerk shall deliver the deed to the sheriff or coroner, who shall forthwith cause it to be registered in the proper office, if registry be required, and recorded in the office for the recording of deeds and so forth for said county. The acknowledgment of the deed, and its delivery to the sheriff or coroner for the purpose of recording, shall operate as a delivery to the grantee or grantees named therein, with the same effect as if acknowledged in open court, under existing laws, and as if delivered to such grantee or grantees personally."

have 'the same effect as if acknowledged in open court under existing laws'. The rule of the court below [Common Pleas, Philadelphia—the same as in the present case,] passed in pursuance of this statute, requires the prothonotary to hold the deed for one week, before delivery for recording. During that week, the motion to set aside the sale was made in this case. Hence, especially as the section also says that any one interested may make such a motion 'before or after acknowledgment' of the deed, the motion, made within that week, had the same effect, under this act, as if it had been made before acknowledgment in open court under the previous practice."

Certain it is that the motion to set aside the sheriff's sale, made within the week after acknowledgment of the deed, as fixed by rule of court, did not have the effect of relieving the tenant, Shotkin, of paying the rent accruing under the lease, pending the disposition of the motion. It was his duty to pay the rent reserved in the lease until the motion was disposed of— to the mortgagor landlord, if still in possession of the premises; to the mortgagee, as assignee of the landlord, by way of security for the mortgage debt, if it was in possession of the premises at the time of sale. But, in the latter case, pending the disposition of the rule, the payment of rent to the Girard Trust Company, Trustee, would not be made to it as purchaser, but as mortgagee in possession. See *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 355, 171 A. 287. The fact that the mortgagee in possession was the highest bidder at the sheriff's sale and thus became the purchaser did not cause a coalescing of its two interests or deprive it as purchaser of any rights which any other purchaser at the sale would have had. Thus the receipt of rent by the Girard Trust Company, Trustee, as mortgagee in possession, from Shotkin, the tenant, pending the disposition of the rule to set aside the

sheriff's sale, did not operate as a payment to it as purchaser at the sale, so as to deprive it of the right, which the law gave it as such purchaser, to oust any tenant not having possession paramount to the mortgage. In the first place the payment made by Shotkin on November 9, 1936 did not purport to cover rent accruing after the delivery and recording of the sheriff's deed, when the rights of the Girard Trust Company, Trustee, as purchaser would become effective and it would be in a position to take proceedings to recover possession from the tenant (*Hawk v. Stouch,* 5 S. & R. 157 and *Bellas v. McCarty,* 10 Watts 13, as affected by the Act of April 22, 1905, P. L. 265) for the order granting the rule to set aside the sale on October 14th stayed all proceedings meanwhile; and, secondly, the Girard Trust Company in accepting the payment notified Shotkin that "According to our records, September 1st, October 1st and November 1st rents are due and owing and we are writing, therefore, to inform you that we have applied this check on September 1st rent due in advance." While we do not dispute the right of the debtor to direct how a payment made by him to his creditor shall be applied, the letter is conclusive that the Girard Trust Company, Trustee, did not accept the payment as rental accruing after its rights as purchaser were complete, and thus affirm and continue the lease after that time.

The cases relied on by the appellant [2] to the effect that the purchaser at a sheriff's sale even before the acknowledgment and delivery of the deed, acquires an inchoate, inceptive or equitable interest in the property which has some of the incidents of ownership, are not controlling or even applicable here, for the Girard

---

[2] *St. Charles B. & L. Assn v. Hamilton,* 319 Pa. 220, 179 A. 604; *Slater's App.,* 28 Pa. 169; *Stover v. Rice,* 3 Wharton 21; *Morrison v. Wurtz,* 7 Watts 437; *Penna. S. V. R. Co. v. Cleary,* 125 Pa. 442, 17 A. 468.

Trust Company, Trustee, did nothing, after the acknowledgment and delivery of the sheriff's deed, which invalidated its right to demand possession of the premises from a tenant holding subordinate to the mortgage. The case of *St. Charles B. & L. Assn. v. Hamilton,* 319 Pa. 220, 179 A. 604, chiefly relied on, does not run counter to the cases cited by us in this opinion; on the contrary, it cites them (p. 223) in distinguishing between the legal effect of a 'sale' by the sheriff and the acknowledgment and delivery of the sheriff's deed. Since the case of *Garrett v. Dewart,* 43 Pa. 342,—at least—it has been the law in this State, that although a bidder at a sheriff's sale may have an inceptive interest in land struck down to him, which may be bound by the lien of a judgment even before the acknowledgment of the sheriff's deed, his title does not relate back to the date of the sale so as to deprive the debtor, whose land has been sold, of his right to the rents up to the acknowledgment and delivery of the deed. "Until the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to possession with all its attendant advantages." *Garrett v. Dewart,* supra, p. 349. As between the *purchaser* and his creditors, the former has an inceptive title, which is bound by the lien of a judgment, if the sale be confirmed; but as between the purchaser and the debtor in the execution the latter is entitled to the unpaid rents falling due between the sale and the acknowledgment and delivery of the deed: *Collins to use of Hill v. London Assurance Corp.,* 165 Pa. 298, 308, 30 A. 924; *Kenwood v. Dordick,* 104 Pa. Superior Ct. 12, 14, 159 A. 84. Hence rents falling due before the delivery and recording of the sheriff's deed (Act of April 22, 1905, P. L. 265; *Warren Pearl Works v. Rappaport,* 303 Pa. 235, 154 A. 587) paid by the tenant to the mortgagee in possession were received by it for the account of the debtor landlord and as security

for the mortgage debt, *(Provident Trust Co. v. Judicial B. & L. Assn.,* 112 Pa. Superior Ct. 352, 355, 171 A. 287) and not in the capacity of purchaser at the sheriff's sale, for the purchaser was not entitled to the rents which accrued before the delivery and recording of the deed.

The action of the court below in disposing of the matter on the whole record, without submitting it to a jury is sustained by the cases of *Lancaster Trust Co. v. Long,* 220 Pa. 499, 69 A. 993; *Storey v. Lonabaugh,* 247 Pa. 331, 93 A. 481; *Spang v. Mattes,* 253 Pa. 101, 97 A. 1026.

The assignment of error is overruled and the judgment is affirmed.