## Kobler v. Harrisburg Home Appliance Corporation

*Homer L. Kreider*, for plaintiff.
*Shelley & Reynolds*, for defendant.

RUPP, J., May 12, 1947.—This matter comes before us on a rule for judgment on the pleadings in an action of ejectment.

John R. Kobler, plaintiff, seeks to recover possession of a certain portion of the Arcade Building known as 221 Walnut Street, Harrisburg, Pa. The Harrisburg Home Appliance Corporation, a Pennsylvania corporation, defendant, has possession of the premises by virtue of a written lease dated August 4, 1942, for a term of five years beginning on September 1, 1942, and ending on August 31, 1947.

The lease designates Albert M. Krieg as "agent, for F. A. Bailey Estate" and is executed by "Albert M. Krieg, Agent". The agent did not have written authority from each of the trustees and executors of the estate to enter into the lease.

On March 28, 1946, the trustees and executors of the Fay Alger Bailey estate, by an instrument in writing executed under seal, agreed to sell, and John R. Kobler agreed to buy, the Arcade Building, subject to existing leases which the trustees and executors agreed to assign.

On April 20, 1946, plaintiff acquired title to the building and on April 23, 1946, a written agreement was entered into between the parties for a valuable consideration, and executed under seal, whereby the leases, including the one here involved, were assigned.

The contract of assignment included the following language:

"Annette Bailey Lambrecht, William Seiler Bailey and Harrisburg Trust Company, Executors and Trustees of the Estate of Fay Alger Bailey, deceased, in order to carry out the provisions of an agreement of sale, made the 28th day of March, 1946, and for good and valuable considerations assign and set over to John R. Kobler all of their right, title and interest in and to the following leases, all in the Arcade Building

located at the southwest corner of Walnut Street and Court Avenue, and all of which are drawn between Albert M. Krieg, Agent, or Albert M. Krieg, Agent for Fay Alger Bailey Estate:

*"Lessee          Premises                    Date*

. . . . .

"Harrisburg Home
   Appliance Corp. 221 Walnut Street    4 August, 1942

. . . . . .

"The written leases above described are delivered herewith and their receipt is acknowledged. If any further assignment is required on the leases themselves, such assignment will be made by the aforesaid Trustees at the request of John R. Kobler."

### Discussion

It is the contention of plaintiff that, under section 1 of the Act of March 21, 1772; 1 Sm. L. 389, 33 PS §1, the lease, being for a term of five years, could be executed only by an agent who was duly authorized in writing; that in order to be properly authorized the agent was required to have authority in writing from all three trustees; and that in the absence of such authority the lease was, in effect, one at will, which, under the circumstances of this case, ripened into a lease from year to year.

Defendant contends that even though originally the agent may not have been properly authorized to execute the lease, subsequently all the trustees, by the sale agreement and the above quoted portion of the formal written assignment of the lease, affirmed and ratified the act of their agent.

At the outset it should be noted that it has long been established that a contract within the statute of frauds will be accorded full legal effect if those who are entitled to the protection of the statute choose to affirm the existence of the contract and recognize it as binding

on them: Sferra v. Urling et al., 328 Pa. 161 (1937); Williams et ux. v. Moodhard, 341 Pa. 273 (1941).

And as was stated in Allegany Gas Co. v. Kemp et al., 316 Pa. 97, 107 (1934):

" ' " . . . persons intended to be wronged by a transaction are not bound by it, and also . . . they are not bound to reject it; they may adopt or confirm it, or agree to be bound by it; their consent . . . may be given after the wrong becomes known, and then, if given with the deliberation, intelligence, and freedom that the law of ratification requires, and in a form adequate to the particular kind of contract, they become willing parties to the contract, bound equally with the others. . . ." Pearsoll v. Chapin, 44 Pa. 9-14.' "

Did the trustees affirm and ratify the lease executed by their agent?

In A. L. I. Restatement of Agency, §82, p. 196, "Ratification" is defined as follows:

"Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him."

"Affirmance" is defined as follows (§83, p. 198):

"Affirmance is a manifestation of an election by the one on whose account an unauthorized act has been performed to treat the act as authorized, or conduct by him justifiable only if there is such an election."

And "Methods and Formalities of Affirmance" are given as follows (§93, p. 230):

"(1) Except as stated in Subsection (2), affirmance may be established by any conduct of the purported principal manifesting that he consents to be a party to the transaction, or by conduct justifiable only if there is ratification.

"(2) Where formalities are requisite for the authorization of an act, its affirmance must be by the same formalities in order to constitute a ratification.

"(3) The affirmance may be made by an agent authorized so to do."

And in Allegany Gas Co. v. Kemp et al., supra, the court said (p. 107):

" ' "Ratification means the adoption by a person, as binding on himself, of an act done in such relations that he may claim it as done for his benefit, although done under such circumstances as would not bind him, except for his subsequent assent, as where an act was done by a stranger having at the time no authority to act as his agent, or by an agent not having adequate authority. The acceptance of the results of the act with an intent to ratify and with full knowledge of all the material circumstances, is a ratification. Ratification makes the contract in all respects what it would have been if the requisite power had existed when it was entered into. It relates back to the execution of the contract, and renders it obligatory from the outset. The party ratifying becomes a party to the contract, and is, on the one hand, entitled to all its benefits, and on the other, is bound by all its terms": Words and Phrases Judicially Defined, Volume 7, page 5929.' "

In other words, in order to ratify one must affirm the existence of an act performed by manifesting, in an adequate manner, his election to treat the act as his own.

Thus, in Allegany Gas Co. v. Kemp et al., supra, a wife named in an agreement of sale did not join her husband in signing it. However, subsequently, with full knowledge of all the material circumstances, she joined her husband in signing a written demand for the payment of the balance due under the agreement. The court said (p. 106):

" 'In our opinion this demand amounted to a ratification of the contract of sale. It recognized and adopted the original agreement as her own, and required its execution by the other party. Such a writing

need not be formal. The recognition of it with approval amounts to a ratification, and satisfies the statute of frauds: McClintock v. South Penn Oil Co., 146 Pa. 144; Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364.' "

In McClintock v. South Penn Oil Co., 146 Pa. 144 (1892), the court held a contract for the sale of real estate signed for the principal by an agent lacking written authority was formally ratified by the principal's execution of an assignment endorsed on the contract.

Here, the trustees, in two formal instruments under seal, acknowledged the existence of the leases and signified their intention to treat them as their own by agreeing to assign them and by actually assigning them. Furthermore, the leases were before the parties at the time they entered into the contract of assignment; they were assigned for a valuable consideration and delivered forthwith; and the contract enumerated the leases, specifying that each was drawn between "Albert M. Krieg, Agent, or Albert M. Krieg, Agent for Fay Alger Bailey Estate".

All the foregoing was equivalent to the trustees saying, "We are hereby assigning, for valuable consideration, our right, title and interest in and to the following leases entered into by our agent, Albert M. Krieg, which leases we are herewith delivering to you".

It is therefore clear that the trustees and executors of the Fay Alger Bailey estate, with full knowledge of all the material circumstances, affirmed and ratified the act of their agent in executing the lease in question, and that it must be given full legal effect.

Accordingly, the rule must be dismissed.

And now, May 12, 1947, the rule for judgment on the pleadings is hereby dismissed.