## Titzell v. Esworthy

*William J. Gallagher*, for plaintiff.
*D. Benjamin van Steenburgh*, for defendant.

SUGERMAN, J., May 22, 1974.—Defendant, as lessee, leased premises 621 East Lincoln Highway, Coatesville, Pa., from Christian L. Sweigart and his wife, as lessors, by written lease agreement dated May 1, 1971, for an initial term of five years, and two renewal terms, each of five years duration. On the date of the lease, a mortgage in favor of The Home Savings & Loan Association (hereinafter the association), encumbered the demised premises.

As a result of default in payment of the said mortgage, the same was foreclosed, and on June 23, 1972, the demised premises were knocked down by the

Sheriff of Chester County to the association as successful bidder at the sheriff's sale.

Following the sale, defendant, complying with a notice received from the association dated June 23, 1972, transmitted the monthly installments of rent due on July 1st and August 1st of that year to the association.

On or before August .7, 1972, the association assigned its successful bid to plaintiff, and on August 7, 1972, plaintiff received a·sheriff's deed conveying the said premises to him.

On the same day, plaintiff, by its attorney, attempted to contact defendant to determine the existence of a written lease and the terms thereof, and failing in that endeavor, contacted defendant's attorney, who advised plaintiff's counsel that he had prepared a written lease and would ask his client whether he might make a copy of the same available to plaintiff. Again, on the same day, plaintiff, by notice in writing, advised defendant of the sale of the premises to plaintiff, requested a copy of the lease agreement, and directed defendant to forward all rent to plaintiff.

Although defendant failed to respond to the said notice, he forwarded the monthly installments of rent due on September 1 and October 1, 1972, to plaintiff as directed.

Receiving no response to his letter of August 7, 1972, counsel for plaintiff on September 15th of the same year again wrote to defendant requesting a copy of the lease. Some two weeks later, on October 1, counsel received a purported copy thereof, unsigned, apparently hand delivered by defendant's wife.

Following a review of the purported lease agreement, counsel for plaintiff, on October 10, 1972, again wrote to defendant advising him that plaintiff terminated the lease and notifying defendant to quit the premises not later than December 31, 1972. On Novem-

ber 8, 1972, defendant, by his counsel, notified plaintiff of his refusal to deliver up possession of the premises.

Thereafter, plaintiff filed his complaint as a sheriff's vendee, seeking to recover possession of the premises. Defendant, in new matter contained in his answer to the complaint, and at trial, resisted such relief on the ground that plaintiff and his assignor, the association, requested and accepted four monthly installments of rent due pursuant to the terms of the lease, and by such act, affirmed the lease.

The parties have stipulated that the mortgage between the association and defendant's lessor, upon which the instant sale on foreclosure occurred, had been executed and recorded against the demised premises prior to the execution of the lease.

In Pennsylvania, the sale of demised premises upon foreclosure of a mortgage antedating the lease terminates the lease, unless the *purchaser* elects to affirm or continue the lease: Duff v. Wilson, 69 Pa. 316 (1871); Peoples-Pittsburgh Trust Co. v. Henshaw, 141 Pa. Superior Ct. 585, 15 A. 2d 711 (1940). Such affirmation in the usual case will be inferred by operation of law when the purchaser, after the sale, requires the tenant to pay the rent to him and accepts the same: Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, 117 Atl. 435 (1921). It is thus first necessary in the case at bar to determine the identity of the purchaser.

The parties have also stipulated that the association, successful bidder at the sheriff's sale conducted on June 23, 1972, as noted, was thereafter, and until it assigned its bid to plaintiff, a mortgagee in possession. During such period, it accepted rent from defendant for the months of July and August 1972. On August 7, 1972, plaintiff received a deed from the sheriff conveying the demised premises to him and thus became the purchaser: Garrett v. Dewart, 43 Pa. 342 (1862). Inas-

much as the acceptance of rent by a mortgagee in possession is not an affirmation of the lease, (Brown v. Aiken, 329 Pa. 566, 198 Atl. 441 (1938); Girard Trust Co. v. Dempsey, 129 Pa. Superior Ct. 471, 196 Atl. 593 (1938)), and such acceptance by the association, plaintiff's assignor, is the only conduct charged against it by defendant as bearing on affirmation, such acceptance of rent by the mortgagee does not here affect or alter the relationship of the parties, and is irrelevant: Brown v. Aiken, supra. Only rent received by the *purchaser* after delivery and recording of the sheriff's deed is relevant on the question of affirmance: Girard Trust Co. v. Dempsey, supra. We must, therefore, examine the conduct of plaintiff alone to determine whether such an affirmation occurred.

The only act of plaintiff charged by defendant as causing an affirmation of the lease is the receipt and acceptance by plaintiff of rent paid by defendant for the months of September and October, 1972.

Plaintiff received the sheriff's deed on August 7, 1972, and on the same day, requested defendant by letter to forward a copy of the lease, and endeavored to reach defendant by telephone. Such efforts were unavailing. Counsel then, on the same day, contacted defendant's attorney to learn the terms of the lease. Defendant's attorney, although not certain that he was actually in possession of a copy, advised plaintiff's counsel that he would ask defendant whether he might furnish a copy to plaintiff.

Having received no response from either defendant or his attorney, plaintiff's counsel again wrote to defendant on September 15th, requesting a copy of the lease, and, finally, on October 1st, came into possession of an unsigned copy of a document purporting to be the lease. Ten days later, counsel for plaintiff notified defendant that the lease was terminated.

On these facts, admitted by defendant, it is im-

mediately evident that plaintiff exerted every effort to determine (1) whether a written lease existed, and (2) if so, the nature and terms thereof. It is also evident that upon determining that such lease apparently existed,[1] and the terms thereof, plaintiff promptly notified defendant that his tenancy was at an end.[2]

In Curry v. Bacharach Quality Shops, Inc., supra, the purchaser at a sale on foreclosure took an assignment of the lease in question, made no effort to determine the nature or terms of the lease, and accepted rent for at least one year after the sale. On such facts, the court found an affirmance of the lease. No similar factual setting appears in the case at bar and the case is inapposite. Nor is the court unmindful of the language in Curry, supra, holding that "The existence of the lease gives notice of all its provisions," cited with approval in Smith v. Miller, 289 Pa. 184, 137 Atl. 254 (1927), also holding that "one about to purchase land . . . at sheriff's . . . sale, is bound to inquire of those in possession of the premises and is charged with what such inquiry would have disclosed." We believe such language must be considered in light of the facts of those cases, and the same are easily distinguished.[3]

---

[1] It should be noted that although the instrument presented to plaintiff's counsel was not executed, and thereby not an actual copy of the lease as signed by the parties, plaintiff nevertheless took immediate steps to terminate the tenancy. The court believes such conduct by plaintiff further serves to negate an intention to affirm the tenancy.

[2] The notice to quit from plaintiff to defendant, advises that plaintiff is terminating" the lease agreement. While such language might by simplistic construction imply the existence of a landlord-tenant relationship between plaintiff and defendant prior to the date of the notice, and thus an affirmation of the lease by plaintiff on the date of purchase, the court is constrained to forego such artifical construction. Rather, the notice appears to simply advise defendant of plaintiff's disaffirmance of the tenancy.

[3] In light of defendant's failure to furnish plaintiff with the

514

We also accept as the better view the proposition that plaintiff's single act of accepting two monthly installments of rent[4] under the circumstances here involved, without actual notice of the existence of a lease or the terms thereof, does not constitute an affirmation of the lease, and we so hold. Under such holding, plaintiff must prevail.

## ORDER

And now, to wit, May 22, 1974, judgment is entered in favor of plaintiff and against defendant; and it is hereby ordered that Elmer J. Esworthy, defendant, vacate premises 621 East Lincoln Highway, Coatesville, Pa., and deliver possession thereof to plaintiff within 30 days from the date hereof.

requested copy of the lease for nearly two months after his first request, we can easily assume that any such request prior to August 7th would have been equally fruitless. The inference is clear that inquiry by plaintiff prior to the sale would have disclosed nothing.

[4] It must also be noted that the record here is devoid of any evidence indicating a request by plaintiff that defendant forward rent to him.